**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-21074-UU

RAMON MATOS,

Plaintiff,

v.

C.W.C. OF MIAMI, INC., *et al.*,

Defendants.
______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff's Motion to Re-Open/Reinstate Case and for Enlargement to File Statement of Claim Nunc Pro Tunc. D.E. 13.

THE COURT has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

On April 4, 2017, this Court issued her Order in Actions Brought under the Fair Labor Standards Act. D.E. 10. In her Order, the Court required Plaintiff to file a "Statement of Claim," as set out and described in the Order, no later than April 14, 2017. *Id.* In the Order, the Court cautioned that the failure to comply with the Order may result in the imposition of appropriate sanctions, including the dismissal of the action. *Id.* Plaintiff failed to file his Statement of Claim, and as a result, on April 17, 2017, this Court dismissed Plaintiff's action without prejudice and closed the case for administrative purposes. D.E. 12. On April 19, 2017, Plaintiff filed his Motion to Reopen/Reinstate Case and for Enlargement to File Statement of Claim Nunc Pro Tunc. D.E. 13. In his Motion, Plaintiff complains that due to a recent reorganization of the firm, Plaintiff's counsel case load, and recent holidays, Plaintiff failed to file a response.

The Eleventh Circuit Court of Appeals has acknowledged that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)). The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyles Props, Inc.*, 556 F.3d at 1240 (citing *Durham v. Fla East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)). Here, Plaintiff did not comply with this Court's Order, notwithstanding that the Court informed Plaintiff that his failure to comply with the Court's Order would result in the case being dismissed without further notice. The Court does not find that it is necessary to re-open this case. Plaintiff will not suffer prejudice in that he may re-file the case as it was dismissed without prejudice. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Re-Open/Reinstate Case and for Enlargement to File Statement of Claim Nunc Pro Tunc (D.E. 13) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th_ day of April, 2017.

UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf